# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

TREY CLAYTON, a minor, by and through
his natural mother DANA HAMILTON                                      **PLAINTIFF**

VS.                                                    **CIVIL ACTION NO. 2:11CV181-P-V**

TATE COUNTY SCHOOL DISTRICT;
JAMES MALONE, in his official capacity as
Conservator of Tate County Schools and in
his individual capacity; JEROME MARTIN, in
his official capacity as Assistant Principal and
in his individual capacity                                           **DEFENDANTS**

## ORDER

This cause comes before the court on the motion of defendants to dismiss the above-entitled action. Plaintiff has responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, is prepared to rule.

This is a § 1983 case based on allegations that defendants violated the constitutional rights of plaintiff, who was then a fifteen-year old student at Independence High School in Tate County, by paddling him sufficiently hard for him to lose consciousness and seriously injure himself. In a December 6, 2010 order entered in *Childress v. Tate County*, 2:10cv24, Judge Pepper granted a motion to dismiss many of the claims asserted in a very similar corporal punishment case filed by the same counsel in this case. In both *Childress* and this case, counsel for plaintiff unfortunately saw fit to assert every conceivable federal and state constitutional claim, many of them plainly without merit. In his order, Judge Pepper noted that some of these claims were clearly inapplicable, writing that:

> The parties do not dispute that the Fifth Circuit and Supreme Court have clearly held
> that the 4th, 8th, and 14th Amendments do not apply in the school corporal

1

punishment arena. Furthermore, the plaintiff admits there is no binding federal precedent applying the Equal Protection Clause to corporal punishment in schools.

To reiterate, this order was entered by Judge Pepper in December 2010, and the instant complaint was filed by plaintiff on August 23, 2011.

The allegations of the complaint in this case are virtually identical to those in *Childress*, and this court is at a loss to understand why plaintiff would seek to simply "dust off" an old complaint including allegations and claims which Judge Pepper has already found to be without merit. In his brief, plaintiff disputes that Judge Pepper actually found his claims to be without merit, writing that:

> Defendant incorrectly states the following 42 U.S.C. §1983 claims were dismissed against TCSD in *Childress* – (i) Failure to Train, (ii) Fourteenth Amendment Intrusion into Bodily Integrity, (iii) Fourteenth Amendment Procedural and Substantive Due Process, (iv) Eighth/Fourteenth Amendment Excessive Force, (v) Eighth/Fourteenth Amendment Cruel and Unusual Punishment, and (vi) Fourteenth Amendment Equal Protection. These claims, despite Defendants' argument were not "previously found to fail as a matter of law on the same operative facts."

This argument strikes this court as being quite disingenuous. As quoted above, Judge Pepper's order clearly stated that some of these constitutional claims were inapplicable in the present context, and, by asserting otherwise, plaintiff appears to be relying upon the fact that the order only dealt with claims against individual defendants and did not address claims against the Tate County School District.

Judge Pepper specifically noted in his order that "the parties did not specifically argue the merits of the §1983 claims against Tate County," and he thus did not address the claims against that defendant. It is very common for district courts to deal with qualified immunity defenses raised by individual defendants in separate orders from motions for summary judgment filed by the employers of those defendants. This is because federal law encourages qualified

immunity issues involving individual employees to be decided at an earlier stage of the proceedings than it does summary judgment issues involving their employers. This does *not* mean that, by not dismissing claims against the school district, Judge Pepper was endorsing the applicability of this law to that defendant.

After considering the options available to it, this court will grant plaintiff an opportunity to either 1) file an amended complaint setting forth a far more limited number of claims which are supported by an arguable application of federal or state law (assuming that such exist) or 2) stand by the allegations of his present complaint and face a show cause order from this court explaining why he should not have to pay the costs of defense counsel in defending against claims which Judge Pepper has already found to be inapplicable in the present context. The court specifically directs that, in the amended complaint, plaintiff include, in support of each claim asserted, at least one case on point which provides an arguable basis for the claim. The court warns plaintiff that he is treading on dangerous ground by proceeding upon a complaint such as the one which he has filed in this case. Indeed, plaintiff's brief in support of this complaint includes many assertions which seem to reflect his view of what the law *should* be rather than what binding precedent actually holds.

The court recognizes that the law is not frozen in time and that new causes of action are recognized which did not exist previously. However, this does not excuse the practice taken by plaintiff in this case, which has simply been to throw every conceivable constitutional provision against the wall and hope that one or more of them "sticks." To use one example, plaintiff argues in his brief that this court should disregard well-settled U.S. Supreme Court precedent that the Eight Amendment does not apply to corporal punishment in schools. *See Ingraham vs.*

*Wright*, 430 U.S. 651 (1977). Specifically, plaintiff writes in his brief that:

> In trying to dodge liability, Defendants, citing *Ingraham v. Wright*, argue the
> protections afforded to prisoners under the Eighth Amendment are not applicable
> to students. Defendants' analysis, however, is woefully inadequate. The
> *Ingraham* Court's decision stripping students of their Eighth Amendment rights
> was not then, and is not today, an order etched in stone. The Supreme Court made
> it clear that its ruling holding corporal punishment did not violate the Eighth
> Amendment was based on the social acceptance of corporal punishment at the
> time the case was decided and the ruling would change if the social acceptance of
> corporal punishment changed. The Court reasoned:
>> Despite the general abandonment of corporal punishment as a
>> means of punishing criminal offenders, the practice continues to
>> play a role in the public education of schoolchildren in most parts
>> of the country. Professional and public opinion is sharply divided
>> on the practice, and has been for more than a century. Yet we can
>> discern no trend toward its elimination. *Id.*, 430 U.S. at 660-661.
> Times, however, have changed and there is a clear trend towards corporal
> punishment's elimination.

The court does not regard this as being a good faith argument for the application of Eighth

Amendment law to the present case. The U.S. Supreme Court is always free to revisit its prior

holdings, but the court hereby notifies plaintiff that it, like Judge Pepper, will simply be

following *existing* Supreme Court authority in this case. If plaintiff wishes to preserve his right

to seek the overruling of that authority on appeal, then he has done so by the filing of his initial

complaint in this case. For trial court purposes, however, this court advises plaintiff that he

should file an amended complaint which only includes claims which set forth a good faith

argument for liability under *existing* law.

This court is only granting plaintiff the opportunity to file such an amended complaint

because the factual allegations of his complaint do appear rather serious, including his

allegations that:

> Plaintiff was a fifteen (15) year-old student enrolled in TCSD at the time a TCSD
> employee, Defendant Jerome Martin (hereinafter "Martin"), physically struck

> Plaintiff with a paddle causing him to faint and fall face first into a concrete floor.
> The span between the paddling and Plaintiff's fainting was seconds. When
> Plaintiff regained consciousness, he had a broken jaw and five (5) of his teeth
> were shattered. . . . Despite Plaintiff's severe injuries, Defendants never once
> thought it appropriate to call for medical assistance even though Plaintiff
> eventually had to have his jaw wired shut for two (2) weeks.

Plaintiff clearly alleges something more than the ordinary pain caused by a paddling on the buttocks,[1] but this does not excuse the fact that he has improperly filed a complaint including a laundry list of federal and state claims with very little care taken to ensure that they are applicable to the present lawsuit. The court trusts that plaintiff will remedy this failure in any amended complaint which he files.

The court will therefore dismiss defendants' motions to dismiss [15-1] without prejudice, and plaintiff will be given an opportunity to file an amended complaint consistent with the court's order today. Plaintiff's motion to file a sur-rebuttal [26-1] is granted.

SO ORDERED, this the 15th day of July, 2013.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

---

[1]The court submits that, if defendants agree that plaintiff suffered these serious injuries as a result of his paddling, they might reasonably regard themselves as being *morally* obligated to pay him some damages in compensation for same, regardless of whether they are legally obligated to do so. Accordingly, the court suggests that the parties make some effort to settle this case, as they did in *Childress*.